UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Patty L. Shackleford,

    Plaintiff,

v.

Commissioner of Social
Security,

    Defendant.

Case No. 2:10–cv–1052

Judge Michael H. Watson
Magistrate Judge Kemp

## OPINION AND ORDER

Plaintiff, Patty L. Shackleford, brings this action under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and social security disability benefits, and for supplemental security income. This matter is before the Court for consideration of Plaintiff's Objection (ECF No. 14) to the Magistrate Judge's Report and Recommendation (ECF No. 13), recommending that the Court affirm the decision of the Commissioner denying benefits. For the reasons stated below, the Court **OVERRULES** Plaintiff's Objection, **ADOPTS** the Report and Recommendation, and **AFFIRMS** the Commissioner's decision.

I.

The basic facts of this case, including Plaintiff's testimony at the administrative hearing, the medical records, and the testimony of a vocational expert, are accurately summarized in the Report and Recommendation, and the objections do not take issue with that summary. Briefly, at the time of the administrative hearing, Plaintiff was a

forty-five year-old woman who had a high school education and a work background as a factory worker and in the food preparation industry. Medical records showed that she had had carpal tunnel surgery on both wrists, and she reported some difficulty using her hands. She also testified to suffering from arthritis, a prior shoulder injury, and depression. However, in this Court, she argued that she should have been found disabled solely due to psychological impairments.

The key evidence with respect to psychological impairments was an evaluation done by Dr. Tanley, a consultative psychologist. He administered the WAIS-III, an intelligence test, and the WRAT-4, but was not convinced that Plaintiff put forth full effort on these tests, which indicated mild mental retardation. A vocational expert was asked to assume that Plaintiff had only some mild psychological limitations in the areas of interacting with others and doing only simple tasks, and he testified that there were a number of jobs she could do. The Administrative Law Judge ("ALJ") relied on his testimony in denying benefits. Plaintiff's primary argument was, and is, that Dr. Tanley's report was not reliable enough for the Commissioner to base a finding on it, and that a remand for further psychological testing should have be ordered.

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

### III.

The issue before the Court is whether the ALJ erred in relying on Dr. Tanley's report and not ordering additional testing. The Magistrate Judge (after finding that the primary case Plaintiff cited in her statement of errors, *Stewart v. Heckler*, 730 F.2d 1065 (6th Cir. 1984), was simply inapposite) analyzed this issue as follows:

> [P]laintiff has cited no other case law supporting her argument that a remand is needed in this case because Dr. Tanley was unable to use the test results to evaluate her functional level. As the Commissioner's memorandum in opposition points out, there was other evidence in the record from which the ALJ concluded that plaintiff did not have any significant level of dysfunction due to psychological conditions and that she functioned at least in the range of borderline intelligence. She had a significant work history, including semi-skilled work, she cared for herself and her grandchildren, she graduated from high school, and there is no evidence that she was in special education classes. There is no evidence of any deficits in adaptive functioning prior to age 22, which evidence would have to be present in order for plaintiff to prove she suffered from mental retardation. See Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001). Even without any real evidence of psychological limitations, the ALJ imposed some restrictions on plaintiff's ability to deal with others and to perform work other than simple, one- and two-step tasks. The record amply supports the conclusion that she was no more limited than that.
>
> In this case, it is likely that the ALJ would have acted within the scope of his discretion not to obtain a consultative psychological examination at all. If "the record [is] sufficiently fully developed to enable the ALJ to make a determination," such an examination need not be ordered. Peebles v. Chater, 85 F.3d 629, *5 (6th Cir. May 6, 1996) (unreported), citing Landsaw v. Secretary of Health & Human Servs., 803 F.2d 211, 214 (6th Cir. 1986). Here, the ALJ could easily have found that the scant evidence of a psychological disorder of any kind (and plaintiff did not assert disability on that basis) was enough to allow him to dispense with a consultative examination. That being so, the fact that the examination did not produce complete results—largely due to the plaintiff's own lack of effort—did not change the fact that the record, including the two reports from Dr. Tanley, was sufficient for the ALJ to determine that if plaintiff had a cognitive disorder, it was no more than borderline intellectual functioning, and that it did not prevent plaintiff from being able to perform simple tasks—tasks much simpler than the ones she had been able to do when she was working. Thus, there was no basis for the ALJ to apply Section 12.05(C) of the Listing of Impairments, which is what would usually happen if a claimant is found to be even mildly mentally retarded, nor any basis for more severe limitations than those incorporated into the ALJ's residual functional capacity finding. Consequently, there is no error here and no basis for a remand.

Report and Recommendation 8–9, ECF No. 13.

In her brief objection, Plaintiff continues to argue that

> Dr. Tanley's examination was invalid. (Tr. p. 37). Ms. Shackleford reported that she was with the doctor less than 6 minutes. (*Id.*). In addition, the assessment that was rendered was also rendered to two other individuals at the same time. (*Id.*). Furthermore, Dr.Tanley noted that Ms. Shackleford complained throughout the testing and said things such as, "You are talking to me like I don't know nothing." (Tr. p. 328). At that time, she was being directed with two other women to make designs with colored blocks. Understandably, an adult being talked to in a condescending manner by a medical professional and being tested at the same time as others may naturally arouse such a response.

Pl.'s Objection 2, ECF No. 14. She adds that the other evidence in the record, especially her school records, show that she might be functioning in the mentally retarded range rather than, as the Commissioner found, in the borderline intelligence range.

The issues raised by the objection are essentially the same addressed by the Report and Recommendation—namely, did the Commissioner err in relying at least in part on Dr. Tanley's report, and should the Commissioner have ordered additional testing on the issue of mental retardation. As noted in the Report and Recommendation, Plaintiff's version of the examination conducted by Dr. Tanley and his version of those events, communicated to the ALJ after Plaintiff raised her concerns, differ substantially. Dr. Tanley stated he spent 31 minutes with Plaintiff, not the six minutes she claimed, and that despite her oppositional behavior, which caused some of the test results to be invalid, he saw no indications of mental retardation. As the initial fact-finder, the ALJ is entitled to resolve conflicts in the record, and those resolutions are entitled to deference as long as they are supported by substantial evidence. *See, e.g., Foster v. Halter*, 279 F.3d 348 (6th Cir. 2001). That is the case here. Thus there was no error in the way that the ALJ dealt with Dr. Tanley's report.

Similarly, there was no error in the ALJ's decision not to order additional testing. The only evidence Plaintiff cites in support of her claim that such testing was necessary is her school record. She graduated from high school in the regular curriculum. The fact that she was in the bottom twenty percent of her class does not, by itself, indicate mental retardation, and such a diagnosis is inconsistent with her work history. The Court finds no abuse of discretion in the ALJ's failure to obtain additional evidence on that issue, especially given that mental retardation did not form part of Plaintiff's initial claim for benefits and that Dr. Tanley discounted that claim. Thus, neither of her arguments are sufficient to merit reversal or remand.

### IV.

For these reasons, Plaintiff's objections, ECF No. 14, to the Report and Recommendation of the Magistrate Judge are **OVERRULED**, and the Report and Recommendation, ECF No. 13, is **ADOPTED**. The Plaintiff's statement of errors, ECF No. 11, is **OVERRULED**, the decision of the Commissioner is **AFFIRMED**, and the Clerk is directed to enter judgment in favor of the defendant.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**